# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

BRANDON D. SCOTT
#208521                                                                                    PLAINTIFF

V.                          NO. 4:22-cv-00804-BSM-ERE

HUNTER and
PULASKI COUNTY JAIL                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections:

This Recommendation for dismissal has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.   Discussion:

#### A.   Background:

Plaintiff Brandon D. Scott, a pre-trial detainee at the Pulaski County Detention Facility ("Detention Facility"), filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc.*

*2*. Mr. Scott alleges that Sergeant Hunter refused to provide him a cup of water to take his medication on one occasion. As a result, Mr. Scott refused to take his medication, and flushed the medication down the toilet. Mr. Scott sues Sergeant Hunter and the Detention Facility.

The Court has reviewed Mr. Scott's complaint as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915A(a).[1] Mr. Scott's claims should be dismissed for failure to state a plausible constitutional claim for relief.

B.   Sergeant Hunter

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To state a plausible deliberate indifference claim against Sergeant Hunter, Mr. Scott must allege facts sufficient to create a reasonable inference that: (1) he was incarcerated under objectively, sufficiently serious conditions posing a substantial risk of serious harm; and (2) Sergeant Hunter was deliberately indifferent to that substantial risk of serious harm. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The second requirement is a subjective test; the defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.*[2]

Even assuming that Mr. Scott's allegations are true, Sergeant Hunter's failure, on one occasion, to provide him a glass of water to take his medication falls exceedingly short of stating a plausible constitutional claim against Sergeant

---

[2] As a pre-trial detainee, Mr. Scott's deliberate-indifference claim is analyzed under the Fourteenth Amendment. Under the Fourteenth Amendment, a pretrial detainee is entitled to "at least as great" protection as that afforded convicted prisoners under the Eighth Amendment. See *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). The Eighth Circuit has yet to establish a definitive Fourteenth Amendment standard for condition-of-confinement claims asserted by pretrial detainees, and has used the Eighth Amendment's "deliberate indifference" standard to analyze such claims. See *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014) (citing *Holden v. Hirner*, 663 F.3d 336, 341 & n. 3 (8th Cir. 2011)).

Hunter.³ Mr. Scott admits that he purposely refused to take the medication and flushed it down the toilet. The facts alleged, assuming them to be true, are insufficient to state a plausible constitutional claim against Mr. Scott.

C.   Detention Facility

Although Mr. Scott names the Detention Facility as a Defendant, county jails and detention centers are not entities that can be sued in a civil rights case brought under 42 U.S.C. § 1983. *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")). Accordingly, his claims against the Detention Facility also should be dismissed.

III.  **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Scott's claims be DISMISSED, without prejudice.

2.   The Court certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* of this dismissal would be frivolous and not taken in good faith.

3.   The Clerk be instructed to close this case.

---

³ In his complaint, Mr. Scott states that Sergeant Hunter told him to use his hand to cup the water. *Doc. 2 at 4*.

Dated this 14th day of September, 2022.

```
_____
UNITED STATES MAGISTRATE JUDGE
```